THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRANDON LEE CHASE,

    Defendant.

Case No. 1:24-CR-48

Hon. Paul L. Maloney
U.S. District Court Judge

---

**DEFENDANT'S SENTENCING MEMORANDUM AND
MEMORANDUM IN SUPPORT OF DOWNWARD VARIANCE**

---

    Defendant Mr. Brandon Lee Chase, through his attorney Scott Graham, offers this memorandum for the Court's consideration in anticipation of sentencing on February 10, 2025, at 2:30 p.m. There are no objections to the guideline calculations presented in the final presentence investigation report (PSIR). *See* RE. 67: Final PSIR, PageID # 323. There are some policy concerns counsel will address below, and counsel would suggest that the circumstances of this case warrant a sentence below the advisory guideline range, as discussed in the final PSIR. *See id.* at 324. With a recommendation of 90 years of imprisonment, the PSIR seems to be suggesting a sentence far in excess of what would be necessary to serve the purpose of 18 U.S.C. § 3553(a). Ultimately, of course, Mr. Chase asks the Court to impose a sufficient, but not greater than necessary, sentence under § 3553(a).

## Introduction and Background

The government initiated this case with the filing of a criminal complaint on March 25, 2024, charging sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a). *See* RE. 1: Complaint, PageID # 1. The allegations arose from a report a mother and daughter had made to state authorities in December 2023. *See* RE. 1-1: Continuation of Complaint, PageID # 3. The minor daughter told officers that the mother's ex-boyfriend (Mr. Chase) had sexually assaulted her. *See id*. The mother described discovering videos of sexual conduct involving her minor daughter. *See id.* at 4. State authorities then took Mr. Chase into custody on January 16, 2024. *See id.* at 7.

As the matter moved to federal prosecution and Mr. Chase came before this Court, the Court entered a detention order for him on March 28, 2024. *See* RE. 11: Detention Order, PageID # 28. The government indicted Mr. Chase on April 9, 2024. *See* RE. 17: Indictment, PageID # 39-44. A penalty sheet indicated a potential statutory sentencing range of 15 to 30 years for each count charged. *See* RE. 18: Penalty Sheet, PageID # 45. Following this indictment, Mr. Chase filed a pro se motion, asking that his attorney from the Federal Public Defender's Office be relieved and that he receive new counsel. *See* RE. 28: Pro Se Motion, PageID # 68. Undersigned joined the case on May 24, 2024.

This matter then proceeded toward trial. *See, e.g.*, RE. 45: Gov. Tr. Br., PageID # 94-100. The government filed a superseding indictment on October 2, 2024. *See* RE.

52: Superseding Indictment, PageID # 154-59. Mr. Chase then pleaded to all three counts of this superseding indictment on October 18, 2024, without the benefit of a written plea agreement. *See* RE. 58: Minutes of COP, PageID # 223; RE. 60: Report & Rec, PageID # 225-26; RE. 67: Final PSIR, PageID # 299, ¶ 6. On November 14, 2024, this Court accepted Mr. Chase's plea. *See* RE. 62: Order, PageID # 228.

The probation office prepared an initial PSIR and filed it on December 20, 2024. *See* RE. 64: Initial PSIR, PageID # 267-92. Ultimately, the parties had no objections to the guideline calculations in that report. *See* RE. 65: Gov. Resp. to Initial PSIR, PageID # 293-94; RE.66: Def. Resp. to Initial PSIR, PageID # 295; RE. 67: Final PSIR, PageID # 324. The government filed its sentencing memo on January 24, 2025. *See* RE. 68 & 68-1: Gov. Sent. Memo & Attach., PageID # 326-42. Mr. Chase now offers this sentencing memorandum for the Court's consideration.

## **Application of 18 U.S.C. § 3553(a)**

Of course, as this Court knows, under *United States v. Booker*, 543 U.S. 220 (2005), as clarified by *Gall v. United States*, 552 U.S. 38 (2007), and *Kimbrough v. United States*, 552 U.S. 85 (2007), sentencing courts consider multiple factors in determining a defendant's sentence. After correctly calculating the advisory sentencing guideline range, a sentencing court should listen to arguments by the parties regarding the appropriate sentence to impose, and then turn to 18 U.S.C. § 3553(a) in light of the sentences advocated by the parties. *See Kimbrough*, 552 U.S. at 108-11. After considering the advisory guideline range, the positions of the parties, and the § 3553(a) factors, the sentencing court should impose a sentence sufficient,

3

but not greater than necessary, to achieve the purposes of sentencing. *See id.* at 91; *see also* 18 U.S.C. § 3553(a). Sentencing courts should explain the sentences they impose to such an extent that defendants and reviewing courts may understand the basis for a chosen sentence. *See, e.g.*, *Rita v. United States*, 551 U.S. 338, 356 (2007).

Under 18 U.S.C. § 3553(a), a sentencing "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing as the section articulates them. The section calls on courts to consider a variety of sentencing factors. For the Court's convenience, Mr. Chase will enumerate these factors below.

### A.   *Section 3553(a)(1) looks to the nature and circumstances of the offense and the history and characteristics of the defendant.*

Mr. Chase has pleaded guilty to sexual exploitation of a child. He is a 45-year-old father who recognizes his struggles with alcohol abuse and mental-health issues. He knows he is looking at a *very* serious sentence, and he knows how badly he needs counseling and mental-health treatment and support. He was born in Shelby, Michigan, and grew up with supportive parents, who have now been married for over 40 years. Mr. Chase remains close to both his mom and his dad.

Even with a stable, rural upbringing, however, Mr. Chase began abusing alcohol when he was around 13 years old. This abuse led to trouble and early encounters with law-enforcement personnel. As a sophomore in high school, he was expelled from school. After that expulsion, he went to work full time, eventually earning membership in an electrical union. He does have a GED, and he would like to acquire

additional vocational skills, though his abilities are hampered by vision loss discussed in Section C below.

**B.     *Section 3553(a)(2)(A) calls for consideration of the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and § 3553(a)(2)(B) points out the need to afford adequate deterrence to criminal conduct, and § 3553(a)(2)(C) asks courts to consider the need to protect the public from future crimes by the defendant.***

Mr. Chase's offense was extremely serious. No one is arguing about that. Given the nature of the offense and the privacy concerns for the victim, counsel sees little reason to explore the offense conduct further here.

**C.     *Section 3553(a)(2)(D) provides for consideration of the needs of a defendant: the need to provide for educational or vocational training, medical care, or other correctional treatment in the most effective manner.***

Congress and the Supreme Court recognize that prison does not serve the purpose of rehabilitation. *See* 28 U.S.C. § 994(k) (directing the Sentencing Commission to craft guidelines that recognize "the inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant or providing the defendant with needed educational or vocational training, medical care, or other correctional treatment"). The Supreme Court prohibits imprisonment for rehabilitative reasons. *See Tapia v. United States*, 564 U.S 319, 321 (2011). Counsel would suggest that a below-guidelines sentence—one less than life imprisonment—could best serve the § 3553(a) purposes. A 90-year sentence, as advocated for by the PSIR writer, is a death sentence. It seems like the Court can address the § 3553(a)

factors without imposing a sentence on Mr. Chase that will condemn him to die in custody.

In terms of Mr. Chase's needs, he does suffer from a medical condition, detailed in the PSIR, that has cost him a significant amount of eyesight in his right eye. *See* RE. 67: Final PSIR, PageID # 314, ¶ 99. He has a prescription for an antidepressant because of the depression he has been suffering with in the course of these proceedings. He knows he would benefit from a psychological evaluation, and he recognizes his demons when it comes to alcohol. Alcohol has led to arrests for him, to convictions, and to a myriad of terrible choices and consequences over the years. He has participated in in-patient treatment in the past, but he certainly needs deeper therapy for his alcohol-abuse issues.

Mr. Chase holds a GED and has skills relevant to the construction industry. He would like to take advantage of any educational and vocational training available and appropriate, given the vision loss just discussed.

**D.    *Section 3553(a)(3) directs courts to consider the kinds of sentences available.***

Under *Booker*, and with a statutory sentencing range of 15 to 30 years for each count, counsel would suggest that concurrent sentences on the individual counts would best serve the interests of justice and the sentencing interests articulated in § 3553(a). The guideline provisions on stacking counts, of course, are not mandatory. *See* U.S.S.G. § 5G1.2(d). Initially, the government indicated a willingness to see Mr. Chase plead to a single count, which would have carried a 30-year maximum term of imprisonment. Given the statistics discussed in Section G below, and the cases cited

6

in Section F, it seems that a 30-year sentence, or even a sentence below that single-count statutory maximum, could easily satisfy the § 3553(a) factors.

### E. Section 3553(a)(4) then calls for consideration of the advisory guideline sentencing range.

The PSIR gives a total offense level of 43 and a criminal-history category of III, calculations that yield an advisory sentencing range of life imprisonment. *See* RE. 67: Final PSIR, PageID # 324. The statutory maximum sentence for each count is 30 years, and the PSIR writer has recommended "stacking" these maximum terms to achieve a total sentence of 90 years. *See id.* Again, this recommended sentence seems markedly excessive.

### F. Section 3553(a)(5) asks courts to consider any pertinent policy statements from the U.S. Sentencing Commission.

Rather than citing strictly policy statements here, counsel would point out that cases involving sexual abuse of minors can and do end in sentences that are not life sentences. Last week, the Second Circuit upheld a 30-year sentence (it was the eight-year supervised-release term that was at issue in the appeal) for offense conduct involving "soliciting two co-defendants to produce child pornography with the children in their care as well as producing and distributing pornographic images of [the defendant's] then-three-year-old son." *United States v. Pick*, No. 23-7630-cr, 2025 U.S. App. LEXIS 1339, at *1 (2d Cir. Jan. 22, 2025) (unpublished). In mid-January, the Fourth Circuit upheld a 20-year sentence (the mandatory *minimum*), imposed following a two-day bench trial, for a defendant who had used a website and a messaging server dedicated to sexual violence and the sexual exploitation of minors

(employing multiple usernames) to produce and post, and encourage the production of, child sexual-abuse material. *United States v. Kuehner*, ___ F.4th ___, No. 23-4339, 2025 U.S. App. LEXIS 1028, at *2-*3, *13 (4th Cir. Jan. 16, 2025). One could argue that the conduct in these cases was worse than the offense conduct at issue for Mr. Chase, yet these defendants received sentences far lower than 90 years.

### G.   *Section 3553(a)(6) provides for consideration of the need to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct.*

Considering disparity, the very idea of sentencing "[d]isparity gets its content from the purposes of sentencing. Unwarranted disparity is different treatment that is unrelated to our legitimate sentencing goals, or uniform treatment that fails to take into account differences among offenders that are relevant to our purposes and priorities." Paul J. Hofer, *Immediate and Long-Term Effects of* United States v. Booker, 38 Ariz. St. L.J. 425, 442 (2006). In Mr. Chase's case, a sentence below the advisory guideline range would best serve the goals of sentencing under § 3553(a)(6) and avoid unwarranted disparity.

Over the past five fiscal years (for which records are currently available in the relevant online databases), namely 2019 through 2023, 88 defendants received final guideline calculations that included an offense level of 43, a criminal-history category of III, and a recommended sentence of life imprisonment. *See* U.S. Sentencing Commission, *Judiciary Sentencing INformation (JSIN)* (last visited Jan. 27, 2025), https://jsin.ussc.gov/analytics/saw.dll?Dashboard. For these 88 defendants, the

8

average sentence imposed was 354 months, and the median sentence imposed was 360 months. *Id.*

These calculations demonstrate that, even for this sector of defendants at the top of the guideline table—who are a minority (with only 88 over five years, which indicates fewer than 18 such defendants getting sentenced annually, as an average)—the sentencing outcomes are *far* lower than that recommended in Mr. Chase's case. Counsel has trouble imagining that Mr. Chase is three times worse, and somehow worthy of 90 years, compared to these other defendants with offense level 43.

## H. *Section 3553(a)(7) addresses the need to provide restitution to any victims of the offense.*

The PISR suggests imposition of restitution in the amount of $3,000 and additional assessments totaling $15,000. *See* RE. 67: Final PSIR, PageID # 324. Mr. Chase, however, is indigent, as evidenced, in part, by the Court's appointment of undersigned counsel. The provisions of 18 U.S.C. § 3014 related to increased financial assessments apply only to *non-indigent* defendants. *See* 18 U.S.C. § 3014(a). Under 18 U.S.C. § 2259A, which does not seem to be a focus for the PSIR, but which should still be mentioned as analogous, the provisions of §§ 3553(a) and 3572 apply to help sentencing courts determine whether an increased assessment should apply, and indigency would certainly be a factor under §§ 3553(a) and 3572. *See* 18 U.S.C. §§ 2259A(c), 3553(a)(1), & 3572(a)(1) & (2).

Mr. Chase is already facing the restitution provisions of 18 U.S.C. § 2259(b)(2)(B). *See* RE. 67: Final PSIR, PageID # 324-25. He has limited employment history and is looking at a sentence that will either mean dying in custody or release when he is a

well past retirement age. He suffers with significant loss of vision, and he has spent the last five years either unemployed and doing odd jobs for cash or incarcerated with these proceedings. He certainly qualifies as indigent and should not be subject to increased financial assessments.

## **CONCLUSION**

Mr. Brandon Chase asks the Court to consider his personal circumstances; the sentencing data and statistics and comparison cases cited above; the realities of his financial situation; and the other information presented in this memo in crafting an appropriate sentence. He asks the Court to impose a sentence sufficient, but not greater than necessary, to serve the § 3553(a) purposes.

Dated: January 27, 2025                    Respectfully Submitted,

By:   /s/ Scott Graham
          Attorney for Defendant
Business Address:
          1911 West Centre Avenue, Suite C
          Portage, Michigan 49024
          (269) 327-0585